UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC JOSEPH NORDQUIST,

    Plaintiff,

v.                                        Case No. 4:24-cv-1-MW/MJF

FLORIDA STATE HOSPITAL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Because Plaintiff failed to comply with a court order and failed comply with the Local Rules for the United States District Court for the Northern District of Florida, the District Court should dismiss this action without prejudice.

## I. BACKGROUND

On February 9, 2024, after screening Plaintiff's complaint and finding it deficient in several respects, the undersigned ordered Plaintiff to "file . . . an amended complaint which must be typed or clearly written, modified as instructed above, **submitted on the court-approved form** . . . ." Doc. 9 at 9. To assist Plaintiff in complying with the undersigned's order, the undersigned directed the clerk of the court to

send to Plaintiff the court-approved form with this case number on the form. *Id.* The undersigned provided Plaintiff until March 4, 2024 to comply with the order and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.*

On March 4, 2024, Plaintiff filed a first amended complaint that was thirteen pages in length. Doc. 10. The first amended complaint was handwritten. Plaintiff did not utilize the requisite court-approved form. *Id.*

On March 8, 2024, the undersigned ordered Plaintiff to show cause for his failure to comply with the undersigned's order of February 9, 2024, and the Local Rules of the United States District Court for the Northern District of Florida. Doc. 12. The undersigned provided Plaintiff until March 22, 2024 to comply, and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.*

On March 26, 2024, Plaintiff responded to the undersigned's order of March 8, 2024. Doc. 14. Plaintiff explains that he did not comply with the undersigned's order because the undersigned's "order did not order [Plaintiff] to amend on forms provided at first blush." *Id.* at 1.

Furthermore, Plaintiff asserts that the court-approved forms do not provide enough space for Plaintiff's claims, and, therefore, the court should accept his handwritten complaint. *Id.* As of this date of the report and recommendation, Plaintiff has not submitted an amended complaint in compliance with the undersigned's order of February 9, 2024.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962).

Plaintiff has not complied with a court order and has failed to prosecute this action through the filing of an amended complaint that complies with the Local Rules. Furthermore, Plaintiff's proffered excuses for his failures are insufficient. The undersigned's order clearly directed Plaintiff to use the court-approved form. Doc. 9 at 9. The court-approved complaint form provides Plaintiff sufficient space to assert his claims. Indeed, Plaintiff's handwritten complaint is only twelve pages in length,

he asserts only three claims, and only seven of the twelve pages relate to Plaintiff.[1] Doc. 10 at 1.[2] Plaintiff has not shown good cause for his failures. Rather, he has demonstrated that his non-compliance was willful and intentional. Accordingly, dismissal of this civil action without prejudice is appropriate.

### III. CONCLUSION

Because Plaintiff failed to comply with a court order, has failed to prosecute this action, and violated the Local Rules, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 26th day of March, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[1] Plaintiff's proposed amended complaint contained irrelevant motions. For example, Plaintiff sought to join to this action (improperly) a prisoner-plaintiff. Doc. 10 at 9, 12; *see Hubbard v. Haley*, 262 F.3d 1194, 1195 (11th Cir. 2001). Plaintiff also attempted to file a motion for summary judgment despite the fact that no defendant has yet been served with process. Doc. 10 at 11.

[2] Notably, Plaintiff utilized the court-approved form for his original complaint, thereby demonstrating that such a course of action is feasible. Doc. 1.

## NOTICE TO THE PARTIES

The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.